UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LEXINGTON


CIVIL ACTION NO. 5:08-CV-478-KKC

DWAYNE JOHNSON                                                                          PLAINTIFF

VS:                                    **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA ET AL.                                              DEFENDANTS


Dwayne Johnson, the *pro se* plaintiff, is confined in the Petersburg Federal Correctional

Complex which is located in Petersburg, Virginia. Johnson has filed a *pro se* civil rights

complaint asserting claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens*

*v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).[1] The Court has addressed his

motion to proceed *in forma pauperis* by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

As the petitioner is appearing *pro se*, his complaint is held to lower standards than those

drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190

F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in a *pro se* complaint are taken

as true and liberally construed in favor of the petitioner. *Urbina v. Thoms*, 270 F.3d 292, 295

(6th Cir. 2001). However, under 28 U.S.C. § 1915(e)(2), a district court has authority to dismiss

---

[1] Under *Bivens*, a plaintiff can assert a claim for money for injuries sustained as a result of a federal agent's
violation of the constitution while acting under his federal authority. *See Bivens v. Six Unknown Named Agents of*
*Federal Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Salt Lick Bancorp v. F.D.I.C.*,
187 Fed.Appx. 428, 440 (6th Cir.2006).

a case at any time if it determines the action is either frivolous or malicious, or if it fails to state

a claim upon which relief can be granted.

## NAMED DEFENDANTS

The plaintiff has named the following defendants: (1) the United States of America; (2)

the Federal Bureau of Prisons ("BOP") (3) Stephen Dewalt, the Warden of the Federal Medical

Center located in Lexington, Kentucky ("FMC-Lexington"); (4) Dr. Michael J. Growse; (5) Dr.

John Vaughn.

## CLAIMS

Johnson claims that the defendants violated his right to be free from cruel and unusual

punishment guaranteed under the Eighth Amendment of the United States Constitution. Johnson

alleges that he was denied necessary medical follow-up treatment subsequent to having

undergone a surgical procedure.  He also demands additional surgery, in the form of a "total knee

replacement."

## ALLEGATIONS OF THE COMPLAINT

Johnson states that in September of 2005, he injured his knee while working in the

kitchen at FMC-Lexington. He states that the knee injury was so severe that surgery was

necessary.  Johnson states that surgery was performed in July of 2007.  Johnson states that "I was

subsequently placed in SHU [Segregated Housing Unit] where I received no physical therapy"

[Record No. 2, p.2].

Johnson alleges that after his surgery, he was required to hop on his right knee, which

activity resulted in injury to his right knee. He claims that by placing him in the SHU section of

FMC-Lexington, Warden Dewalt failed to provide him with an environment in which he could

2

properly recover from his knee surgery [*Id*., p.3]. He also alleges that Dr. Growse and Dr.

Vaughn failed to provide him with adequate medical follow-up care after his knee surgery [*Id*].

Finally, Johnson alleges that he was told by his physician that he needed a "total knee

replacement," and complains that the BOP refuses to authorize that particular procedure.

In Section III (B) of the Complaint Form which asks "When did these events happen?"

Johnson responded as follows:

> "Left knee was injured in or about September of
> 2005. The surgery occurred in or about July of
> 2007. I became aware of the injury to my right knee
> in or about July of 2007."

[*Id*.]

### RELIEF REQUESTED

The plaintiff seeks $10,000,000.00 in compensatory damages. He also seeks an Order

requiring the BOP to pay for his future medical costs.

### DISCUSSION

Kentucky has a one-year statute of limitations applies. Ky. Rev. Stat. Ann. §

413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir.2003). For purposes of

determining applicable statutes of limitations in *Bivens* actions, a district court must apply the

most analogous statute of limitations from the state where the events giving rise to the claim

occurred. Thus, *Bivens* claims have a one- year statute of limitations. *See McSurely v. Hutchison*,

823 F.2d 1002 (6th Cir.1987).

Here, Plaintiff Johnson states that he underwent surgery on his left knee is September of

2005, and that he was placed in SHU at some point thereafter.  The time for asserting a claim

relating to the September 2005 surgery, and follow-up, has long since expired.

Johnson further acknowledges that in July of 2007 he learned about a potential medical claim relating to his right knee. A cause of action "accrues" and the statute of limitations thereon begins to run when a plaintiff knows, or has reason to know through the exercise of reasonable diligence, of the injury that provides the basis for the claim. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991) (courts look for the event that should alert a typical lay person to protect his or her rights).

Johnson would have been required to file suit on that claim within one year, by July of 2008. Johnson did not, however, bring the instant *Bivens* action until November 21, 2008, which was well past the one-year statute of limitations.

If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*. *See Castillo v. Grogan*, 52 Fed. Appx. 750, 751 (6th Cir.2002) (order) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir.1995)); *Norwood v. Michigan Dept. Of Corrections*, 67 Fed. Appx. 286, 288 (6th Cir. (Mich.) May 23, 2003) (not selected for publication in Federal Reporter) (where claims accrued more than three years before Norwood filed his complaint, the district court properly raised the issue *sua sponte* because it appeared on the face of his complaint): *Widner v. Bracke*, 229 F.3d 1155, 2000 WL 1140693, at *2 (6th Cir.2000) (table) (affirming dismissal under § 1915(e)(2) of time-barred complaint).

In summary, all of Johnson's Eighth Amendment claims are time-barred. For this reason, the Court will dismiss the instant *Bivens* action with prejudice.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

4

(1)      The complaint is **DISMISSED WITH PREJUDICE**.

(2)      This action [08-CV-478-KKC] is **DISMISSED** and Judgment shall be entered

contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

Dated this 2nd day of December, 2008.

Signed By:

*Karen K. Caldwell*   KKC

United States District Judge

5